J-E02006-14

2014 PA Super 203

RE: IN THE MATTER OF ESTATE OF : IN THE SUPERIOR COURT OF
GEORGE McFADDEN, DECEASED : PENNSYLVANIA
:
:
:
APPEAL OF: RANDOLPH HARRISON, :
ROBERT C. HARRISON, CO-TRUSTEES :
AND BENEFICIARIES, AND RANDOLPH :
HARRISON JR., BENEFICIARY OF THE :
TRUST UNDER WILL OF GEORGE :
McFADDEN f/b/o THE DESCENDANTS :
OF EMILY B. STAEMPFLI : No. 2872 EDA 2012

Appeal from the Decree Entered August 14, 2012,
In the Court of Common Pleas of Delaware County,
Orphans' Court at No.: 0028-1931

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., BOWES, J., SHOGAN, J.,
ALLEN, J., OTT, J., WECHT, J. STABILE, J., and JENKINS, J.

DISSENTING OPINION BY SHOGAN, J.: **FILED SEPTEMBER 18, 2014**

I respectfully dissent. While the Majority correctly sets forth the

applicable legal authority regarding perpetuities and trust interpretation, I

cannot agree that there was any ambiguity or that language naming

secondary beneficiaries of the trust was triggered. Thus, because I conclude

that the Majority's decision is built upon unfounded presumptions, not

supported by the language at issue, I am compelled to write separately.

The pertinent language in Decedent's 1930 Will ("the 1930 Will")

states as follows:

ARTICLE FOURTH: I give, devise and bequeath all the
rest, residue and remainder of my estate, and I also give, devise

and bequeath all estates or interests over which I have power of appointment . . . IN TRUST, for the following uses, to wit:

* * *

(3)   . . . IN TRUST, as to all the rest, residue and remainder of my estate, . . . to pay and distribute the net income thereof as follows: [describing the first-priority distribution schedule of Trust income for Decedent's wife].  And . . . during the lifetime of my wife, IN TRUST, to receive and apply the balance of the net income of my estate as follows:  To pay monthly, as nearly as possible, in the proportion of two parts of the balance of the net income to each of my sons, and one part thereof to each of my daughters, living at the time of my death, **or to the respective issue living at the time of my death of a deceased son or daughter, such issue being entitled to their parent's share of income, for and during the life of each of such children or issue of a deceased child living at the time of my death**. . . .

Upon the death of each child of mine living at the time of my death, and upon the death of each of the issue living at the time of my death of a deceased child of mine, to pay the income of such child or issue of a deceased child, in the proportions above provided, meaning thereby that whenever a descendant of mine shall die leaving male and female children, the income shall be divided in such a way that the males shall receive twice as much income as the females, to and among the child or children of such child or issue of a deceased child, per stirpes and not per capita, **for the period of twenty-one years after the death of the last survivor of the children and issue of deceased children of mine living at the time of my death**.

* * *

And IN TRUST, upon the expiration of the period of twenty-one years after the death of the **last survivor of the children** [1] and issue of deceased children of mine living at my death, to pay over to my descendants, per stirpes, a proportion and division of

---

[1] The term "Children" was defined as Decedent's children alive at the time of his death.  Article Fourth ¶ 3.  Nowhere does the 1930 Will provide for distribution to the issue of Decedent's children if Decedent's child was alive at the time of Decedent's death.

-2-

the principle of my residuary estate equal to the proportion and division of income hereinbefore provided and directed for my children or issue of deceased children, namely, the proportion of two (2) shares for each male and one (1) share for each female.[2]

It being my intention that the income from my residuary estate shall be paid in the proportions of two parts to my sons and their issue and descendants, and one part to my daughters and their issue and descendants, per stirpes; that the same plan shall be followed in the division of income among the male and female children of my children and their issue; and that the principle of my residuary estate shall be divided in the same proportions.

The 1930 Will at 2-7 (emphasis added).

Because all four of Decedent's children were alive, the measuring life is the last surviving child of Decedent who was alive at the time of his death. That individual was Decedent's daughter, Emily Staempfli. We need not consider Decedent's grandchildren because Decedent had no deceased children at the time of his death. The clear terms of the 1930 Will dictate that the trust proceeds were to be distributed to Decedent's children and

---

[2] Indeed, as the Majority points out, the perpetuities language differs slightly from the income distribution language. Majority Opinion at 21. The provision from the income distribution portion states that "for and during the life of each of such children or issue of a deceased child living at the time of my death" while the perpetuities clause states "upon the expiration of the period of twenty-one years after the death of the last survivor of the children and issue of deceased children of mine living at my death." Ultimately, this variation is of no moment because, as will be discussed below, none of decedent's children were deceased at the time of his death, and therefore, the triggering language never became operative. Regardless, such slight variation is unsurprising given the multiple potential income beneficiaries versus the necessity of designating a sole measuring life, *i.e.*, "last survivor," under the perpetuities clause.

would terminate twenty-one years after the death of the last surviving child. Only in the event that a child of Decedent predeceased Decedent would the alternative beneficiary language be necessary.

The Majority interprets the 1930 Will as being ambiguous and concludes the 1930 Will provides that the measuring life for the trust was that of the surviving grandchild who was alive at the time of Decedent's death. Majority Opinion at 26-27. The Majority's conclusion ignores the unambiguous requirement that, at the time of Decedent's death, at least one of his children must have been deceased in order for that interpretation to be valid. Because all four of his children were alive at the time of Decedent's death, the language naming alternative beneficiaries was never made operative. There is no mention of grandchildren as a measuring life if no child of Decedent's predeceased him.

Thus, I agree with the result reached by the orphans' court in this matter wherein it concluded that the measuring life for purposes of the trust was that of the last surviving child of Decedent, Emily Staempfli. Orphans' Court Opinion, 8/14/12, at 21-22. Ms. Staempfli was alive at the time of Decedent's death, she was the last surviving child of Decedent, and she later died on February 21, 1991. Therefore, I conclude that the trust terminated on February 21, 2012, twenty-one years after the death of Ms. Staempfli.

Accordingly, I respectfully dissent.

BENDER, P.J.E. and JENKINS, J. join this Dissenting Opinion.